J-S17011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARON FLOWERS, | |
| Appellant | No. 2646 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000783-2018

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 3, 2019**

Appellant, Jaron Flowers, appeals from the judgment of sentence of an aggregate term of 6 to 15 years' incarceration, imposed after he pled guilty to four counts of robbery, 18 Pa.C.S. § 3701(a)(1)(ii). On appeal, Appellant solely seeks to challenge the discretionary aspects of his sentence. Additionally, Appellant's counsel, Michael E. Brunnabend, Esq., seeks to withdraw his representation of Appellant pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Attorney Brunnabend summarizes the pertinent facts of Appellant's case, as follows:

[Appellant] was charged as a result of an incident that occurred on October 29, 2017 at approximately 9:40 PM. The Allentown Police were called to an incident that occurred on Gordon Street wherein [four] different individuals were approached by [Appellant,] who brandished a firearm and demanded money from them. This included [Appellant's] pointing the firearm at one male victim and forcing that victim to go to an ATM machine and attempt to withdraw monies from the machine. In addition, [Appellant] confronted a female victim who was sitting in her car. He demanded money from her and struck her in the face with the firearm[,] which caused a laceration near her eye. [Appellant] took her purse and fled the scene. [Appellant] was eventually identified as the perpetrator and arrested on January 19, 2018[,] for all of the offenses.

*Anders* Brief at 12.

For this conduct, Appellant was charged with four counts of robbery. On June 11, 2018, he entered a negotiated plea agreement with the Commonwealth, pursuant to which Appellant pled guilty to the robbery charges in exchange for a minimum sentence that would not exceed 6 years' imprisonment for each offense, and for concurrent sentences at each count. In other words, Appellant pled guilty in exchange for an aggregate, minimum sentence of no more than 6 years' incarceration.

On June 11, 2018, Appellant entered his guilty plea to each count of robbery, and it was accepted by the court. The court ordered a presentence investigation report (PSI) and deferred sentencing until July 23, 2018. On that date, the court imposed an aggravated-range sentence of 6 to 15 years' imprisonment on Appellant's first count of robbery, and concurrent terms of 5½ to 15 years' incarceration for his remaining counts.

On August 2, 2018, Appellant filed a motion for reconsideration of his sentence, which the court denied. He then filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion indicating that it was relying on the rationale set forth in its August 7, 2018 order denying Appellant's post-sentence motion.

On November 20, 2018, Attorney Brunnabend filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the following issue that Appellant seeks to raise on appeal:

> Whether the [trial] court abused its discretion by imposing sentences which were manifestly unreasonable based upon the factors reviewed by the court and that the court failed to properly and fully consider all those factors including [Appellant's] young age?

**Anders** Brief at 7.

Attorney Brunnabend concludes that this issue is frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;

- 3 -

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Brunnabend's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Brunnabend states in his petition to

withdraw that he has supplied Appellant with a copy of his **Anders** brief. Additionally, he attached a letter directed to Appellant to his **Anders** brief, in which he informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Initially, we note that Appellant received a sentence that complied with his negotiated guilty plea. This Court has declared that,

> [w]here the plea agreement contains a negotiated sentence[,] which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

**Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (cleaned up).

Here, at the plea proceeding, the Commonwealth stated that Appellant was agreeing to plead guilty to the four counts of robbery in exchange for the "binding agreement to run those counts concurrently and to cap [his] minimum sentence at six years." N.T. Plea, 6/11/18, at 2. Appellant was also informed that a 6-year minimum sentence fell at "the midpoint of the aggravated range of the guidelines utilizing the deadly weapon enhancement."

- 5 -

*Id.* Appellant indicated that he understood the agreed-upon sentence, and that he was voluntarily, knowingly, and intelligently pleading guilty. *See id.* at 2-7. Appellant did not seek to withdraw his plea prior to, or after, the sentence was imposed in this case, and the term of incarceration he received fully complied with the terms of that agreement.

Moreover, to the extent that the plea agreement allowed for the court to impose a minimum sentence *below* 6 years, we discern no abuse of discretion in the court's decision not to do so. *See Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010) ("The proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. … An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.") (cleaned up). The court had the benefit of a PSI, and it considered the arguments of counsel, as well as Appellant's statement to the court in which he asked for a sentence of 3 to 6 years' incarceration with boot camp eligibility. *See* N.T. Sentencing, 7/23/18, at 6. In the court's order denying Appellant's post-sentence motion, it explained why it rejected the sentence requested by Appellant in favor of an aggravated-range sentence:

> Prior to sentencing, this [c]ourt carefully reviewed the [PSI] prepared on July 13, 2018. The [c]ourt was aware of all of the information contained therein, including [Appellant's] assaultive and threatening prior record, [Appellant's] employment history, and [Appellant's] three (3) misconducts while incarcerated in the

Lehigh County Jail. Also, this [c]ourt did not fail to consider mitigating factors. **Commonwealth v. Rhoades**, 8 A.3d 912, 919 (Pa. Super. 2010) (stating that where the sentencing court had the benefit of a pre-sentence investigation report, it may be assumed that the sentencing court was aware of all relevant information regarding a defendant, including any mitigating factors); **Commonwealth v. Devers**; … 46 A.2d 12 ([Pa.] 1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character, as well as any mitigating factors). Indeed, this [c]ourt was aware of [Appellant's] level of cooperation and expression of remorse for his actions.

This [c]ourt articulated the reasons for the imposition of the sentence in the aggravated range of the sentencing guidelines: (1) there were multiple victims [and] multiple offenses; (2) one of the victims sustained substantial and serious injury; (3) [Appellant's] history of assaultive and violent behavior; (4) [Appellant] used a weapon during the commission of the crimes; and (5) [Appellant] is a danger to the community. While this [c]ourt considered the fact that [Appellant] used a weapon during the robbery, this [c]ourt was aware of the fact that the sentencing guidelines already took this into consideration through the deadly weapon enhancement. Consequently, this [c]ourt considered this factor solely in relation to the violent nature of the offense, and did not put any additional weight on the fact that a deadly weapon was used.

Using its discretion, this [c]ourt imposed a sentence that complied with the negotiated plea agreement, and was within the sentencing guidelines and within the law.

Trial Court Order, 8/6/18, at 1 n.1.

The record supports the court's above-stated summary of its reasons for imposing an aggravated-range sentence for one of Appellant's robbery offenses. We discern no abuse of discretion in the court's decision. Consequently, we agree with Attorney Brunnabend that Appellant's sentencing issue is frivolous. Additionally, our independent review of the record reveals

no other, non-frivolous claims that he could present herein. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/19